Méndez, Petitioner and Appellee, *v.* Martínez, Contestant and Appellant.

Appeal from the District Court of Aguadilla in an Action for Declaration of Heirship.

No. 2364.—Decided March 17, 1921.

Res Judicata.—A motion was made for the annulment of an order of declaration of heirship, but as that question has been decided in the negative in ruling on a former similar motion it is barred by the rule of *res judicata* and can not be raised anew.

The facts are stated in the opinion.

Mr. *V. P. Martínez* for the appellant.

Mr. *J. B. García* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 31, 1916, Cecilia Méndez presented a verified petition to the District Court of Aguadilla praying that in addition to Víctor Primo Martínez y González, the legitimate heir of Víctor Martínez y Martínez, her acknowledged natural children Pedro Angel and Laura María Martínez y Méndez be declared his intestate heirs to the extent that the law determines.

In the said petition it was alleged by the petitioner that Víctor Martínez y Martínez was a resident of and died in San Sebastián, within the judicial district of Aguadilla, on August 26, 1912; that by a final judgment of the District Court of Mayagüez of September 27, 1912, Víctor Primo Martínez y González was declared the sole and universal intestate heir of his father, Víctor Martínez y Martínez; that thereafter the said Cecilia Méndez, the mother and legal representative of her minor children Pedro Angel and Laura María Méndez, brought an action against Víctor P. Martínez y González for the acknowledgment of her natural children and the District Court of Aguadilla adjudged on January 4, 1915, that Pedro Angel and Laura María were acknowledged natural children of Víctor Martínez y Martínez and entitled to bear the surname of their said natural father and to inherit from him according to law, and that the said judgment was affirmed on appeal by the Supreme Court on June 24, 1916.

On January 26, 1917, the District Court of Aguadilla sustained the said petition by an order declaring that in addition to the legitimate heir, Víctor Primo Martínez y González, the acknowledged natural children of Víctor Martínez y Martínez, Pedro Angel and Laura María Martínez y Méndez, are also his intestate heirs in the portion determined by law.

On July 31, 1919, Víctor P. Martínez filed a verified mo-

tion in the said court asking that he be relieved of the effects of the order of January 26, 1917, of which he had received no notice, and that the said order as well as all proceedings had under it be wholly set aside. In support of his allegations of surprise and error in the proceeding, Víctor P. Martínez contends that the District Court of Aguadilla was without jurisdiction to enter the order of January 26, 1917, because Cecilia Méndez had not alleged or proved the last domicile of Víctor Martínez y Martínez, nor what interest the minors Pedro Angel and Laura María had in his supposed estate; that in entering the order of January 26, 1917, amending and adding to the judgment of the District Court of Mayagüez whereby Víctor P. Martínez, in an *ex parte* proceeding, had been adjudged the sole and universal heir of his lawful parents, Víctor Martínez y Martínez and Secundina González y Gómez, the court acted without jurisdiction, because the District Court of Mayagüez and not that of Aguadilla had such jurisdiction, and that by petitioning that her minor children Pedro Angel and Laura María, in addition to Víctor P. Martínez y González, be declared heirs of Víctor Martínez y Martínez and concealing the said facts, Cecilia Méndez had procured the settlement in an *ex parte* proceeding of a question which should have been considered in an adversary action, contrary to our statutes.

The motion was overruled on October 15, 1920, and from that ruling Víctor P. Martínez y González appealed to this court.

In the order appealed from the court states that on April 25, 1917, Víctor Primo Martínez y González moved the court to adjudge null and void for all legal purposes the order of January 26, 1917, and the motion was overruled by an order of May 7, 1917, which was affirmed on appeal by the Supreme Court on January 30, 1918. The court added the following:

"We wish to say that the same questions of lack of jurisdiction, *res judicata,* *  *  *  and that the judgment of the District Court

of Mayagüez can not be amended or added to except in an adversary action, have been decided by the Supreme Court in the case of *Méndez v. Martínez*, 26 P. R. R. 87, and the court does not deem it necessary to consider them again.

"As to the objection that the petition does not allege the last domicile of the deceased, it is stated therein that he died in San Sebastián, which was his residence, and that San Sebastián is within this judicial district. That was sufficient in the absence of objection. Nor was it necessary to allege the interests of the minors and of the contestant in a petition for a declaration of heirship where this is the only issue. The petitioner also stated at the trial that the affidavit of Cecilia Méndez to the petition was insufficient because she did not specify what facts she knew of her own knowledge, and that no notice had been given to him of the order of the court. It is somewhat late to raise these questions."

We are unable to find in the record either the motion of April 25, 1917, or the order of May 7, 1917, disposing of the said motion, or the judgment of the Supreme Court of January 30, 1918, affirming the order of May 7, 1917; but inasmuch as the finding of the judge has not been duly controverted, we must accept it for the decision of the present appeal; apart from the fact that we can take judicial notice of the judgment of this court of January 30, 1918, affirming the order of May 7, 1917, in *Méndez v. Martínez*, 26 P. R. R. 87–95.

In the opinion we said, among other things:

"It is not a fundamental error that the appellee, in representation of her children, filed her petition for declaration of heirship in the District Court of Aguadilla. * * * The alleged judgment of the District Court of Mayagüez in favor of appellant was rendered *ex parte*. In this present proceeding it must be taken as true that Víctor Martínez y Martínez died in the judicial district of Aguadilla and that Aguadilla rather than Mayagüez was the proper jurisdiction.

"An *ex parte* proceeding in favor of heirship cannot to such an extent be *res judicata* that an authentic judgment declaring the status of children may not be used to enable them to be declared heirs in addition to the one already so declared. The judgment declaring the status of the children bore a date later than the Mayagüez judgment.

      *          *          *  *          *          *          *          *

"The only contention of real substance is that Laura and Angel had no right to be declared heirs of their father. In other words, the question arises whether acknowledged natural children, duly declared to be so by a competent court, are heirs of their father. To do away with one subsidiary matter we may say that if the status of a natural child duly acknowledged is that of an heir, then the declared fact of being an acknowledged natural child makes him an heir without further declaration. The death of the ancestor in the case of legitimate children causes them to be heirs immediately. Similarly, the rights of acknowledged natural children, whatever they are, arise on the death of their father. If a child has to bring suit to establish these rights there is nevertheless an inchoate right to a status or condition by reason of the death of its father and this right becomes complete whenever a judgment in favor of the natural child is made.

   *       *       *  .   *       *       *       *

"If, then, the effect of a judgment is to put an acknowledged natural child in the same relative position as exists before a *declaratoria* for a legitimate child, the most that can be demanded of such natural child is that it should obtain a *declaratoria,* as was done in this case. As between these natural children and Víctor P. Martínez no great formality was necessary, as he necessarily knew of the legal fact established by the judgment of January 19, 1915. No fact could have been more solemnly established. But aside from this, we think that no action of nullity of a previous *declaratoria* was necessary to obtain the formal recognition of a right subsequently matured. * * * Too much stress cannot be laid on the fact that the legal status or condition of these children was established, by the judgment of January, 1915, and against 'the only person who had a countervailing right as declared by the District Court of Mayagüez. The judgment of January, 1915, destroyed whatever effect the Mayagüez judgment had against these children. Whether or not they were such heirs was the only important matter to be determined by this appeal, and it is decided adversely to the appellant."

And our judgment of January 30, 1918, was affirmed on appeal by the United States Circuit Court of Appeals for the First Circuit on March 10, 1919.

The question of the nullity of the order of January 26, 1917, has been decided and has the character of *res judicata,*

and that same question is again raised by Víctor P. Martínez y González in asking for relief from the effects of that order. We can not reconsider what has already been decided, that is, that the said order contains no invalidating defect, for as Escriche very well says in his *Diccionario de Legislación y Jurisprudencia,* "Res judicata is presumed to be true and the law gives it an irrevocable character, the parties not being permitted to prove the contrary, for otherwise suits would never terminate: Law 19, Title 22, *Partida* 3. From this principle is derived the following maxim of the Roman Law. *Res judicata pro veritate habetur.*"

The order appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.